FIDELITY AND CASUALTY COMPANY OF NEW YORK V. JOHN A. GETZENDANNER.

Decided December 2, 1899.

**1.  Charge of Court—Practice on Appeal—Immaterial Error.**

It is only where there is no statement of facts, or where it affirmatively appears from the statement of facts that the error complained of is merely abstract, that the appellate court is warranted in disregarding errors in the charge of court as immaterial.

**2.  Same—Presumption—Agreed Statement of Facts.**

Where there is an agreed statement of facts showing in general terms, without setting out, what the evidence tended to prove, and which is treated by the parties to the appeal as showing that a given issue was raised, the principle that, in the absence of a statement of facts, the appellate court may ordinarily presume that the evidence was such as to render errors in the charge entirely harmless, is inapplicable.

APPEAL from Tarrant.  Tried below before Hon. IRBY DUNKLIN.

*Harris, Etheridge & Knight,* for appellant.

*Flournoy & Aultman,* for appellee.

For the original opinion in this case, see 22 Texas Civil Appeals, 76.

ON MOTION FOR REHEARING.

STEPHENS, ASSOCIATE JUSTICE.—We have concluded that our construction, on the original hearing, of the agreed statement of facts in this case, to the effect that it did not show that the issue of partial disability was raised on the trial, was rather too strict, and particularly so in view of the fact that in briefing the issues both parties have treated it as being sufficient.  The language of the fourth paragraph of the agreed statement will admit of the construction thus mutually given it, and we are therefore of opinion that in disposing of the appeal we too should give it that construction.

The practice of abbreviating the statement of facts by mutual agreement is to be commended.  It is only where there is no statement of facts, or where it affirmatively appears from the statement of facts that the error complained of is merely abstract, that the appellate court is warranted in disregarding, as immaterial, errors in the charge.  In the absence of a statement of facts, we may ordinarily presume that the evidence was such as to render such errors entirely harmless, for it is the duty of the party complaining to bring up a statement of facts, if he seeks a reversal upon such ground; but this principle is inapplicable where, as in this case, there is an agreed statement showing in general terms, without setting it out, what the evidence tended to prove, and which is treated by the parties to the appeal as showing that a given issue

was raised, the language of the agreement being broad enough to cover it.

The motion for rehearing will therefore be granted, and the judgment reversed and the cause remanded, for the error indicated in the original opinion.

<em>Motion granted.     Reversed and remanded.</em>

[Note by Reporter.—This case is reported in 22 Texas Civil Appeals, 75, where will be found the original opinion and the dissenting opinion of Judge HUNTER,—the opinion on rehearing above having been omitted therefrom because it did not reach the Reporter with the other papers of the case.]